**F I L E D**

**UNITED STATES COURT OF APPEALS**

June 21, 2005

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OLIVER VANDEVENDER,

Defendant-Appellant.

No. 04-3235
(D.C. No. 03-CR-20129-03-CM)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Oliver Vandevender was found guilty by a jury of conspiracy to transport stolen firearms in violation of 18 U.S.C. § 371; interstate transportation of stolen firearms in violation of 18 U.S.C. § 922(j); receipt of stolen firearms transported in interstate commerce in violation of 18 U.S.C. § 922(j); and possession of

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

firearms by a felon in violation of 18 U.S.C. § 922(g)(1). The presentence report (PSR) calculated Mr. Vandevender's base offense level at twenty, *see* U.S.S.G. § 2K2.1(a)(4), and recommended a two-level enhancement based on a finding that the firearms involved in the offenses were stolen, *see* U.S.S.G. § 2K2.1(b)(4), and a six-level enhancement based on a finding that the offenses involved more than twenty-five firearms, *see* U.S.S.G. § 2K2.1(b)(1)(C). These recommendations resulted in an applicable guidelines range of 110 to 137 months imprisonment. The district court adopted the PSR's recommendations and sentenced Mr. Vandevender at the bottom of the guidelines range to 110 months imprisonment. Mr. Vandevender appeals, claiming the district court violated his Sixth Amendment right to a jury trial by imposing a sentence exceeding the maximum authorized solely by the jury's verdict when the court found that at least twenty-five guns were involved in his offenses. *See United States v. Booker*, 125 S. Ct. 738, 756 (2005); *Blakely v. Washington*, 124 S. Ct. 2531, 2536 (2004). We affirm.

In *Blakely*, the Supreme Court applied the rule it expressed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)*,* to Washington state's determinate sentencing regime. 124 S. Ct. at 2536. Recently, the Court extended *Apprendi* and *Blakely* to the Federal Sentencing Guidelines, holding that the Sixth Amendment requires that "[a]ny fact (other than a prior conviction) which is necessary to support a

sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. To remedy the guidelines' Sixth Amendment problem, the Court severed and excised 18 U.S.C. § 3553(b)(1), which required sentencing courts to impose a sentence within the applicable guidelines range, subject to departures in limited cases. *Id*. at 756-57. As a result, the guidelines are now advisory in all cases. *Id*. at 757. In addition, the Court expressly stated that its "interpretation of the Sentencing Act" must be applied "to all cases on direct review." *Id*. at 769. Thus, Mr. Vandevender's sentence must be evaluated in light of the Court's holding in *Booker*.

Because Mr. Vandevender did not raise his Sixth Amendment argument in the district court, we review his claim for plain error. FED. R. CRIM. P. 52(b); *see also United States v. Dazey*, 403 F.3d 1147, 1173-74 (10th Cir. 2005). To establish plain error, Mr. Vandevender must demonstrate that there was (1) error (2) that was plain and (3) that affected his substantial rights. *United States v. Cotton*, 535 U.S. 625, 631 (2002); *see United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (*en banc*). If Mr. Vandevender satisfies his burden of establishing the first three prongs of the plain error test, we may exercise our discretion to correct the error if it "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S.

461, 469-70 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993));

*Gonzalez-Huerta*, 403 F.3d at 732.

Mr. Vandevender cannot satisfy the first prong of the plain error analysis. He contends that he was erroneously sentenced in violation of the Sixth Amendment because the jury did not find beyond a reasonable doubt that more than twenty-five firearms were involved in his offenses. We disagree. Each count in Mr. Vandevender's indictment listed the names, makes, and serial numbers of the twenty-seven separate firearms the government alleged were involved in Mr. Vandevender's underlying offenses. While it is true as Mr. Vandevender asserts, that the jury legally could have found that Mr. Vandevender violated the statutes, 18 U.S.C. §§ 922(i), (j) and (g)(1), with only one firearm, the jury actually returned a verdict finding him guilty beyond a reasonable doubt on four counts *as charged in the indictment*. The jury instructions specifically stated that in order for Mr. Vandevender to be guilty of violations of 18 U.S.C. §§ 922(i) and (g)(1), the jury had to find that those crimes involved the "firearms described" in the indictment.[1] Aple. Br. Attach. A. Thus, the jury necessarily

---

[1]Jury instruction number 27 specifically stated that in order for Mr. Vandevender to be guilty of violating Section 922(i), the jury had to find that he "knowingly transported and shipped the firearms described in Count 2 of the Indictment from Missouri to Kansas," while jury instruction number 31 stated that in order for Mr. Vandevener to be guilty of violating Section 922(g)(1), the jury had to find that he "knowingly possessed firearms described in the Indictment." Aple. Br. Attach. A.

found beyond a reasonable doubt that Mr. Vandevender's offenses involved the twenty-seven firearms pled in the indictment. Consequently, we conclude there was no Sixth Amendment error, plain or otherwise.

Even assuming Mr. Vandevener suffered constitutional error, we would still deny his request for resentencing because the "error" did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Cotton*, 535 U.S. at 632-33; *Johnson*, 520 U.S. at 469-70; *Gonzalez-Huerta*, 403 F.3d at 736. In *Johnson* and *Cotton*, the fourth prong of plain error review was interpreted to prohibit recognition of plain error when evidence of a defendant's guilt on a fact not found by the jury was "overwhelming" and "essentially uncontroverted." *See Johnson*, 520 U.S. at 470 (finding that error under the Fifth and Sixth Amendments did not satisfy the fourth prong); *see also Cotton*, 535 U.S. at 633-34 (same under Fifth Amendment). Therefore, if overwhelming and essentially uncontroverted evidence exists to support the fact that Mr. Vandevender's offenses involved more than twenty-five firearms, the Sixth Amendment violation cannot satisfy the fourth prong of the analysis. After a comprehensive review of the record, we are confident the government introduced overwhelming and essentially uncontroverted evidence proving Mr. Vandevender's offenses involved twenty-seven firearms as alleged in the indictment. "In light of this evidence, the proceedings resulted in a 'fair and

reliable determination' of [Mr. Vandervender's] guilt and, even assuming plain error, a reversal would be unwarranted." *United States v. Fabiano*, 169 F.3d 1299, 1305 (10th Cir. 1999). Indeed, the "real threat . . . to the fairness, integrity, and public reputation of judicial proceedings would" result if we vacated Mr. Vandervender's sentence. *Cotton*, 535 U.S. at 634 (internal quotations omitted). Therefore, we hold Mr. Vandervender's Sixth Amendment violation, if any, does not constitute reversible error.

For the aforementioned reasons, Mr. Vandervender's sentence is **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge